IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD BAUER,

        Plaintiff,        Civil No. 05-6069-TC

        v.                      FINDINGS AND
                                  RECOMMENDATION
UNITED STATES OF AMERICA
et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff, a convicted bank robber, filed a complaint against the United States and United States Parole Officer Joe Abraham alleging violations of his constitutional rights arising out of the revocation of his supervised release for leaving the State of Florida without notifying his probation officer. Plaintiff was sentenced to 35 days with credit for time served since the date of his arrest and no further

1 - FINDINGS AND RECOMMENDATION

supervision. Plaintiff seeks $20,000.00 damages. Defendants now move to dismiss (#5) on various grounds.

There is nothing in the record to establish that the United States Attorney General has been serve as required by Fed. R. Civ. P. 4(1)(l)(b). This defect in service could presumably be cured. However the other deficiencies of the complaint can not.

Plaintiff seems to be alleging that the United States and defendant Abrahams violated his constitutional rights for prosecuting him under federal bank robbery statutes and/or violation of the conditions of his supervised release from prison.

The United States and its employees acting in their official capacity have not waived sovereign immunity for constitutional torts. <u>Federal Deposit Insurance Corp. v. Meyer</u>, 510 U.S. 471 (1984); <u>Cato v. United States</u>, 70 F.3d 1103 (9th Cir. 1995). Therefore, this court lacks jurisdiction over plaintiff's claims against the United States and defendant Abrahams in his official capacity.

To the extent that plaintiff's allegations can be construed as a claim against defendant Abrahams in his personal capacity, I find that he is entitled to qualified immunity from liability to plaintiff because he did not violate plaintiff's clearly established constitutional rights.

2 - FINDINGS AND RECOMMENDATION

See, Saucier v. Katz, 533 U.S. 194 (2001); Meyers v. Redwood City, 400 F.3d 765 (9th Cir. 2005). Plaintiff's argument that the federal bank robbery statutes are unconstitutional is frivolous.

In order to recover damages under for an allegedly unconstitutional confinement, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). In other words, unlawful confinement does not constitute a compensable injury under section 1983 until the confinement has been invalidated.

Plaintiff has not established that the incarceration he challenges in this proceeding has been reversed or invalidated. Accordingly, a claim for money damages is premature.

To the extent plaintiff's complaint can be construed as a challenge to his conviction (ie. seeking relief other than monetary damages) the proper remedy for his claims is a motion under 28 U.S.C. § 2255, in the district of his conviction. The record reflects that there is a 28 U.S.C. § 2255 proceeding pending in the District Court for the Southern

3 - FINDINGS AND RECOMMENDATION

District of Florida. Accordingly, construing plaintiff's claims under 28 U.S.C. § 2255 would not be appropriate because it would constitute an improper second or successive motion. See, 28 U.S.C. § 2255, in an improper venue.

Based on all of the foregoing, defendants' Motion to Dismiss (#5) should be allowed. This action should be dismissed with prejudice.

DATED this 17 day of May, 2005.

Thomas M. Coffin
United States Magistrate Judge